IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

JAY TODD HESSMAN,

        Movant,

vs.

UNITED STATES OF AMERICA.

No. C08-3052-LRR
No. CR02-3038-LRR

ORDER

This matter appears before the court on Jay Todd Hessman's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 1). On December 1, 2008, Jay Todd Hessman ("the movant") filed his 28 U.S.C. § 2255 motion. On October 20, 2010, the court directed the government to respond to the movant's claims (docket no. 2). On October 21, 2010, the movant filed a motion to amend his motion to vacate, set aside or correct sentence (docket no. 3). On December 13, 2010, the government complied with the court's order by filing a resistance (docket no. 8). On February 17, 2011, the movant filed an untimely reply (docket no. 11). Additionally, on March 14, 2011, the movant filed an untimely supplement to his reply (docket no. 12), and, on October 24, 2011, the movant filed an untimely second supplement to his reply (docket no. 13). The court now turns to consider the movant's motion pursuant to 28 U.S.C. § 2255 and motion to amend his motion to vacate, set aside or correct sentence.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*,

78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, the record indicates that the movant's claims are procedurally defaulted, untimely, frivolous and/or meritless. As such, the court finds that there is no need for an evidentiary hearing.

The movant filed a motion to amend on October 21, 2010. Although the court did not order the government to respond to the additional claims included in such motion, the government addressed those claims in its resistance. The court finds that the movant's additional arguments do not sufficiently relate back to his original claims. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57). The movant originally asserted that: (1) counsel provided ineffective assistance; (2) a violation of his rights under the Fourth Amendment occurred; and (3) a violation of his right to a speedy trial occurred. Because the additional arguments or new evidence does not sufficiently relate back to his original claims, they are barred as untimely. Accordingly, the movant's motion to amend shall be denied. Alternatively, the court concludes that the government adequately addresses the movant's additional claims and all of them are either frivolous or without merit. None of the claims entitled the movant to relief, especially considering the actions taken by the parties prior to trial, during trial, after trial, during sentencing and on direct appeal, the evidence that supports the jury's verdict and the fact that the movant already litigated several of the issues that he raises. Contrary to the movant's mistaken belief, it does not necessarily follow that the government had an ethical obligation to intervene, a conflict of interest presented itself, a constitutional violation occurred or a fundamental miscarriage of justice occurred as a result of counsel's unrelated personal matters. The movant's personal attacks on the character of his defense counsel does not change the fact that they zealously represented the movant and pursued all viable defenses. No violation of the movant's constitutional right to counsel took place during the movant's criminal proceedings.

With respect to the merits of the movant's original claims, the court deems it appropriate to deny the movant's 28 U.S.C. § 2255 motion for the reasons stated in the government's resistance.  The government's brief adequately sets forth the law that is applicable to the facts in the movant's case.  Specifically, the government correctly relied on defense counsel's affidavit, and it correctly concluded that defense counsel provided professional and effective assistance to the movant and the movant suffered no prejudice as a result of counsel's actions.  And, the government correctly points out that the movant's Fourth Amendment claims, speedy trial claims, sentencing claims and jurisdictional claims are not a proper ground for relief because they have been conclusively resolved on direct appeal, are procedurally defaulted and/or are without merit.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's 28 U.S.C. § 2255 motion results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). With respect to the movant's Fourth Amendment claims, the court is bound by the Eighth Circuit Court of Appeals' findings and conclusions. *See Baranski v. United States*, 515 F.3d 857, 861 (8th Cir. 2008). Similarly, the court is unable to disturb speedy trial issues that the Eighth Circuit Court of Appeals conclusively resolved on direct appeal. *See, e.g., United States v. Wiley*, 245 F.3d 750, 751 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." (citing *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000)); *Dall v. United States*, 957 F.2d 571, 572-73 (8th Cir. 1992) (concluding claims already addressed on direct appeal could not be raised); *United States v. Kraemer*, 810 F.2d 173, 177 (8th

Cir. 1987) (concluding movant "cannot raise the same issues [. . .] that have been decided on direct appeal or in a new trial motion"); *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated . . . ."); *Butler v. United States*, 340 F.2d 63, 64 (8th Cir. 1965) (concluding movant is not entitled to another review of his question). Additionally, the court concludes that the movant's jurisdictional claim is procedurally defaulted because the movant failed to raise it on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001) (discussing when claims are procedurally defaulted); *United States v. Samuelson*, 722 F.2d 425, 427 (8th Cir. 1983) (concluding that a collateral proceeding is not a substitute for a direct appeal and refusing to consider matters which could have been raised on direct appeal). Alternatively, the court concludes that it is frivolous.

With respect to his remaining claims, the court concludes that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's claims and no violation of the movant's constitutional right to counsel occurred. Nothing the movant states in support of his request for relief leads the court to conclude that a violation of the Sixth Amendment occurred.

The movant's speculation as to what counsel should have done before trial, during trial, after trial and on appeal do not establish a constitutional violation. Defense counsel appropriately investigated and understood the government's case against the movant, raised suitable arguments, made strategic decisions, objected when warranted and performed admirably in light of the case against the movant. Nothing suggests that there is a reasonable likelihood that the jury's verdict would have changed had defense counsel pursed a different course. Although the movant appears to believe otherwise, an action

under 28 U.S.C. § 2255 is not a means to reargue issues, and it is not a means to blame defense counsel for an unfavorable outcome.  The record reveals that, despite the evidence against him, the movant elected to go to trial, defense counsel presented the best defense that was available to him, the jury convicted him and the movant unwisely decided to take the stand at his sentencing hearing.  Given the record, the court concludes that neither the conviction nor the sentence imposed is subject to being challenged on the basis that counsel rendered ineffective assistance and he suffered prejudice as a result of their actions.

In sum, the alleged errors that are asserted by the movant do not warrant relief under 28 U.S.C. § 2255.  The movant's claims are procedurally defaulted, untimely, frivolous and/or meritless.  Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.  *See* 28 U.S.C. § 2253(a).  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  *See* 28 U.S.C. § 2253(c)(1)(A).  A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).  *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right.  *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523.  To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)).  When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability.  Accordingly, a certificate of appealability shall be denied.  If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's motion to amend his motion to vacate, set aside or correct sentence (docket no. 3) is denied.

2) The movant's 28 U.S.C. § 2255 motion (docket no. 1) is denied.

3) A certificate of appealability is denied.

**DATED** this 3rd day of January, 2012.


_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA